# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| LAURA R. KACZMAREK,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 1:17-CV-356-PRC |
| | ) |
| NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations,<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Laura R. Kaczmarek on August 18, 2017, and a Social Security Opening Brief of Plaintiff [DE 14], filed by Plaintiff on January 17, 2018. Plaintiff requests that the September 13, 2016 decision of the Administrative Law Judge denying her claim for disability insurance benefits and supplemental security income be reversed and remanded for an award of benefits or for further proceedings. On January 25, 2018, the Deputy Commissioner filed a response, and Plaintiff filed a reply on March 28, 2018. For the following reasons, the Court grants Plaintiff's request for remand.

## PROCEDURAL BACKGROUND

On June 13, 2011, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability beginning July 14, 2008. The applications were denied initially and on reconsideration. Administrative Law Judge William D. Pierson ("ALJ") held a hearing and, on May 14, 2013, Magistrate Judge Andrew P. Rodovich, presiding by consent of the parties, granted Plaintiff's request to remand the matter to the agency for further proceedings. On remand, the Appeals Council remanded the matter to ALJ Pierson for a hearing and new decision. The ALJ held a hearing on July 12, 2016. In attendance at the hearing were Plaintiff, Plaintiff's

attorney, Plaintiff's son, and an impartial vocational expert. On September 13, 2016, the ALJ issued a written decision denying benefits, making the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since July 14, 2008, the alleged onset date.

3. The claimant has the following severe impairments: osteoarthritis and bursitis of the hips, sacroiliitis, chronic pain syndrome, myofascial pain syndrome, disorders of the spine (including discogenic and degenerative changes in the cervical, thoracic, and lumbar spine), bilateral shoulder problems (including tendonitis, bursitis, rotator cuff tearing, and degenerative changes), bilateral knee problems (including bursitis, degenerative changes, chondromalacia, patallae alta, Osgood-Schlatter syndrome, and low-grade injuries to some of the ligaments), and obesity.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can only occasionally bend and stoop in addition to what is required to sit. She can also occasionally kneel, crouch, crawl, and use ramps and stairs (1-2 flights with handrails). She cannot climb ladders, ropes, or scaffolds at all.

6. The claimant is capable of performing her past relevant work as a fast food worker.

7. The claimant has not been under a disability, as defined in the Social Security Act, from July 14, 2008, through the date of this decision.

(AR 662-73).

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff filed this civil action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) for review of the Agency's decision.

2

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir.

2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [a reviewing court] may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also

4

prevent her from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If no, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if no, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity (RFC), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's residual functional capacity (RFC). The RFC "is an administrative assessment of what work-related activities an individual can perform despite [her] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps

one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 885-86; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## ANALYSIS

Plaintiff seeks remand, arguing that the ALJ erred in assessing Plaintiff's subjective symptoms and in determining Plaintiff's RFC. Because of multiple errors in the ALJ's evaluation of Plaintiff's subjective statements, the case will be remanded.

In making a disability determination, the Social Security Administration will consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. §§ 404.1529(a), 416.929(a). Subjective allegations of disabling symptoms alone cannot support a finding of disability. *Id.* The Administration's decisionmaker must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

(1) The individual's daily activities;
(2) Location, duration, frequency, and intensity of pain or other symptoms;
(3) Precipitating and aggravating factors;
(4) Type, dosage, effectiveness, and side effects of any medication;
(5) Treatment, other than medication, for relief of pain or other symptoms;
(6) Other measures taken to relieve pain or other symptoms;
(7) Other factors concerning functional limitations due to pain or other symptoms.

*See id.* §§ 404.1529(c)(3), 416.929(c)(3). "[S]ubjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, *2 (Oct. 25, 2017). "Adjudicators must limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments." *Id.* at *11.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of her alleged symptoms, but also found that the statements made by

6

Plaintiff and her children regarding the intensity, persistence, and limiting effects of her symptoms were not supported and presented five reasons for so finding: (1) in addition to the instant applications, Plaintiff filed for disability insurance benefits and supplemental security income in April 2010 and September 2015, and these claims were denied; (2) Plaintiff's worker's compensation application was denied; (3) Plaintiff was cleared for kitchen duty when she was incarcerated in 2012; (4) Plaintiff could engage in "at least a somewhat full range of activities"; and (5) the statements are not supported by the medical evidence. (AR 667). Because of errors in the ALJ's reasoning, there is no accurate and logical bridge from the evidence to the conclusion, and the case must be remanded. Further, because the ALJ repeats his prior errors regarding Plaintiff's activities, the Court will suggest that this case be assigned to a different ALJ on remand. *See Travis v. Sullivan*, 985 F.2d 919, 924-25 (7th Cir. 1993).

First, the ALJ provides no clear analysis of Plaintiff's other claims filed with the Social Security Administration or explanation of how this is relevant to Plaintiff's impairments. The Deputy Commissioner asserts, without explanation that these claims were "properly considered," but the Court sees no logical bridge from these other claims to Plaintiff's impairments and the veracity of her statements of her subjective symptoms. Because the ALJ must connect the evidence to his conclusion, there is error here.

Second, and similarly to the first reason, denial of a worker's compensation claim appears to say little about Plaintiff's impairments. The determination of disability or nondisability by other governmental agencies or nongovernmental entities is not binding on the Social Security Administration. 20 C.F.R. §§ 404.1504, 416.904.

7

Further, the ALJ identifies no evidence indicating that the worker's compensation claim was denied because Plaintiff was found not to be disabled. The ALJ cites, generally, Exhibit 5F in support. This exhibit is 35 pages of office treatment records. Plaintiff, not the ALJ identifies a passage in this exhibit that discusses worker's compensation. This passage indicates that Plaintiff "would like to be able to claim this [injury] as work-related because she clearly got worse when she changed to this new job." (AR 374). Though not clear, this record suggests that the claim was denied because the injury was not work-related and not because there was no injury. The ALJ has not logically connected the denial of worker's compensation to the determination that the intensity, persistence, and limiting effects of Plaintiff's symptoms are not as severe as alleged.

Third, the ALJ explains his decision by noting that Plaintiff was "cleared for kitchen duty" when she was incarcerated in 2012. As noted above, this determination is not binding on the Social Security Administration. Additionally, the ALJ once again cites an exhibit, the 21-page Indiana Department of Corrections Intake Form at Exhibit 22F, without a more specific citation. Though the form indicates that she was "cleared for kitchen duty," there is no discussion of what kitchen duty entails. (*See* AR 621). For example, the number of hours and type of work performed in a kitchen duty shift has not been identified for the Court. Further, it is unclear whether "cleared for kitchen duty" is a statement that Plaintiff is physically capable of doing the work required on kitchen duty instead of, for example, a statement that it is safe for her to be around food being prepared for human consumption. Regardless, Plaintiff testified that she was not given any duties while incarcerated and that "they specifically put me in a dorm where you do not have a job because of my disabilities and my age -- limitations." (AR 53). Once again, the necessary logical connection is missing between this evidence and the ALJ's conclusion.

Fourth, the ALJ found that Plaintiff could perform "at least a somewhat full range of activities." (AR 667). In his earlier decision, the ALJ similarly found that Plaintiff could "engage in a rather full range of activities." (AR 21). As Judge Rodovich noted in his earlier opinion, the ALJ "failed to note that her activities were accompanied by pain or that some activities caused her hands to go numb." (AR 751). The ALJ noted that Plaintiff could

> care for her personal needs independently (albeit allegedly not on a daily basis), do some light housework (allegedly with breaks), fold some laundry, watch her grandchildren, heat meals, empty the litter box, unload the dishwasher, do some shopping, watch television, pay bills, and pick up her children/grandchildren from school at times. In addition, she worked part-time as a stocker for at least a short period of time after the alleged onset date.

(AR 667 (internal citation omitted)). This description of limited activity leads the Court to question the ALJ's classification of these activities as comprising a "somewhat full range." Regardless, the ALJ fails to indicate how any of the activities noted above make any of Plaintiff's symptoms less intense, persistent, or limiting than alleged. The Seventh Circuit Court of Appeals has often warned against equating the performance of daily activities with the ability to perform full-time, competitive work. *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012); *Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011); *Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009); *Zurawski*, 245 F.3d at 887). Here, Plaintiff's ability to care for her personal needs is alleged to be a *less than daily* activity. There are also limits on her ability to perform other tasks, such as needing 20-30 minute breaks after folding laundry for 15-20 minutes, (AR 665), and performing chores and errands that do not require much movement, (AR 282). As previously noted by Judge Rodovich, Plaintiff indicated that she tired easily and had pain while working as a stocker. (AR 752, citing AR 86-87). The ALJ has summarized Plaintiff's activities and concluded that they do not support her allegation of inability

9

to perform full-time work, but he fails to provide the necessary links connecting the one to the other. This is error.

The combined errors in the above four reasons provided by the ALJ are enough for the Court to order remand, as the Court cannot say that the decision is supported by substantial evidence in light of the errors.

The ALJ provides significantly more analysis regarding his fifth reason: that Plaintiff's allegations are not supported by the medical evidence. However, a few matters contained in this analysis are worthy of note. First, the ALJ acknowledged that Plaintiff alleged that her hands hurt, (AR 665), but did not address Plaintiff's EMG results, which Dr. Shah interpreted as suggestive of carpal tunnel syndrome, (AR 1316).

Next, one of the ALJ's reasons for determining an inconsistency between the absence of certain findings and disabling pain contains a logical fallacy. The ALJ writes:

> SSR 16-3p states that reduced joint motion, spasm, motor disruption or sensory deficit can illustrate findings consistent with statements about symptoms and functional effects and may be associated with pain. Thus, it is reasonable to argue that, conversely, this language also establishes that the absence of motor or sensory disruption or reduced joint motion illustrate findings inconsistent with statements regarding symptoms, functional effects or conditions with disabling pain.

(AR 669). This is "the fallacy of the inverse (otherwise known as denying the antecedent): the incorrect assumption that if P implies Q, then not-P implies not-Q." *N.L.R.B. v. Noel Canning*, 134 S. Ct. 2550, 2603 (2014) (Scalia, J., concurring in the judgment). An illustration of this fallacy is as follows. Start with the premise that, if there is fire, then there must be oxygen. The fallacy comes in inferring that, because there is no fire, then there must not be oxygen.

Further, even if the ALJ's inferrence were not flawed, the premise is not true. Plaintiff does not have an absence of reduced joint motion and spasms. As the ALJ noted, Plaintiff had medical

findings of decreased range of motion in her neck and shoulders and muscle spasms in her neck and back. (AR 667). The ALJ noted that these findings are specifically indicated in SSR 16-3p as findings that may be associated with pain. (AR 669). Thus, the ALJ's fifth reason also contains errors.

All of the reasons provided for not accepting the alleged intensity, persistence, and limiting effects of Plaintiff's subjective symptoms are flawed. The ALJ's determination on this matter cannot be affirmed, and the case must be remanded. Because the determination of subjective symptoms affects the residual functional capacity determination, a full review of the residual functional capacity is not warranted here. On remand, however, the ALJ is directed to consider the evidence regarding carpal tunnel syndrome and possible limitations that may be associated with it.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 17], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further proceedings consistent with this Opinion and Order. In light of the errors noted in the first ALJ decision on the instant claims that were not corrected in the second decision, the Court **SUGGESTS** that this matter be assigned to a different ALJ on remand.

So ORDERED this 2nd day of August, 2018.

                                                      s/ Paul R. Cherry
                                                      MAGISTRATE JUDGE PAUL R. CHERRY
                                                      UNITED STATES DISTRICT COURT