UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LAURA R. KACZMAREK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:17-cv-00356-SLC |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Laura R. Kaczmarek brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On August 2, 2018, this Court entered an Opinion and Order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (ECF 20).

Kaczmarek's attorney, Joseph Sellers,[1] now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $21,642.88 for Counsel's representation of Kaczmarek in federal court, less an offset for $12,297.86 in attorney fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF 27). The Commissioner does not oppose Counsel's fee request. (ECF 28). For the following reasons, the motion for attorney fees will be GRANTED.

*A. Factual and Procedural Background*

On August 8, 2017, and September 26, 2017, Counsel entered into a contingent fee agreement (the "Fee Agreement") with Kaczmarek for their representation of her in federal court, in which Kaczmarek agreed to pay them twenty-five percent of any past-due benefits

---

[1] For ease, the Court hereinafter will refer to Attorney Sellers and his co-counsel, Deborah Spector, as simply "Counsel."

awarded to her.[2]  (ECF 27-3, 27-4).

On August 18, 2017, Kaczmarek filed the instant action with this Court, appealing the Commissioner's denial of her application for disability benefits.  (ECF 1).  On August 2, 2018, Kaczmarek received a favorable judgment from this Court, and the case was remanded to the Commissioner for further proceedings.  (ECF 20, 21).

On October 31, 2018, Kaczmarek filed a request for EAJA fees in the amount of $4,824.92, seeking payment for the 17.50 hours of attorney time and 13.25 hours of paralegal time spent advocating her claim in federal court; the Court approved the request.  (ECF 27 ¶¶ 2, 7; ECF 27-5).  Counsel was also previously awarded EAJA fees in the amount of $7,472.94 in connection with a prior civil action concerning the same claim for benefits.  (ECF 27 ¶ 2 (citing *Kaczmarek v. Comm'r of Soc. Sec.*, No. 1:14-cv-231-APR (N.D. Ind. Dec. 11, 2015)).

On September 24, 2019, the Commissioner sent a notice of award to Kaczmarek, informing that she was entitled to monthly disability benefits beginning April 2009 and past-due benefits of $86,571.50, of which $21,642.88 was withheld toward payment of attorney fees.  (ECF 27-2).  The Commissioner subsequently paid Counsel $6,000 from the withheld benefits for Counsel's representation of Kaczmarek at the administrative level.  (*Id.*).

On November 6, 2019, Counsel filed the instant motion seeking the Court's approval of $15,642.88 in attorney fees before this Court, requesting that the previously paid EAJA fees be offset from this amount, resulting in a net payment to Counsel of $9,345.02.  (ECF 27 ¶ 8).  Counsel asks that the Commissioner release the remaining balance of the withheld funds, $6,297.86, to Kaczmarek.  (*Id.*).

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

***B. Legal Standard***

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA,[3] the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Id.* at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. This twenty-five percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

3

must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.* at 797.

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted). "A petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

### C.  Analysis

The Court is charged with determining whether Counsel's requested fee of $15,642.88 under the Fee Agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). The notice of benefits from the Commissioner indicates that Kaczmarek was awarded $86,571.50 in past-due benefits. Thus, the fee amount that Counsel requests, $15,642.88, does not exceed twenty-five percent of Kaczmarek's past-due benefits.

Counsel contends that the requested fee award of $15,642.88 is reasonable for the 17.50 attorney hours and 13.25 paralegal hours spent representing Kaczmarek in federal court. It is obvious that Counsel obtained a good result for Kaczmarek, as the Commissioner ultimately

found her disabled and awarded her $86,571.50 in back benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved); *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). In doing so, Counsel requested just one fourteen-day extension (ECF 17) and thus did not contribute to any significant delay of the case. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits).

The risk of loss the attorney assumed in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases.").

Here, Counsel's requested fee of $21,642.88 divided by the 30.75 hours his firm spent on the case in federal court equates to an effective rate of approximately $704 per hour.[5] As such,

---

[5] Although the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, No.

5

Counsel's requested fee equates to an effective rate near the higher end of the range of previous awards approved by this Court. *See, e.g.*, *Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12, 2014) (awarding fee equating to $653.79 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312 (N.D. Ind. Aug. 11, 2014) (awarding fee equating to $647.61 per hour); *Duke v. Astrue*, No. 1:07-CV-00188, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding fee equating to $549.14 per hour). But "if a claimant's success on appeal can be attributed to [her] attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." *Jeter*, 622 F.3d at 381. Here, there is no indication that the good result Counsel achieved for Kaczmarek was due to "some other source for which it would be unreasonable to compensate the attorney." *Id*. (citing *Gisbrecht*, 535 U.S. at 808).

Accordingly, Counsel's requested fee award of $21,642.88 under § 406(b) will be authorized by this Court, but will incorporate an offset for the $12,297.86 in EAJA fees previously received by Counsel, reducing the fee award to $9,345.02. *See Gisbrecht*, 535 U.S. at 796.

### *D. Conclusion*

For the foregoing reasons, Counsel's Unopposed Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF 27) is GRANTED in the amount of $21,642.88 less an

---

09-30452, 2010 WL 3783666, at *7 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

offset of $12,297.86 for previously awarded EAJA fees, resulting in a net § 406(b) award of $9,345.02 to Counsel.  The Commissioner is to RELEASE the remaining withheld past-due benefits in the amount of $6,297.86 to Plaintiff.

SO ORDERED.

Entered this 15th day of September 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge